IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY JOHNSON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 21-cv-1683-NJR |
| | ) |
| TROY REED, ANDY GARDEN, | ) |
| D. EDDINGS, and J. WOODY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Garry Johnson, Jr., a pre-trial detainee currently being held at Marion County Law Enforcement Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Johnson includes a litany of issues in his Complaint and seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

Johnson makes the following allegations in his Complaint (Doc. 1): He alleges that he has been at Marion County Law Enforcement Center since October 4, 2019, and he includes a list of complaints which he labels as "Counts" (*Id.* at pp. 6-7). He indicates that he has high blood-pressure and needs lower sodium meals but has not received the requested meals. As a result, he suffers from headaches and has gained weight (*Id.*). The jail also lacks recreational activities which would help his high blood-pressure. He complains of black dust which irritates his allergies (*Id.*). He complains about the lack of grievance boxes (*Id.* at p. 7). He also complains about the lack of medical staff on weekends. Although he states there was an incident where he needed care on the weekend, he fails to indicate why he needed medical treatment or who told him the treatment was unavailable (*Id.* at p. 7). He also alleges that the officers do not wear masks despite there being a state-wide mask mandate (*Id.* at p. 7). He further complains about the lack of religious services and the lack of prayer rugs for Muslims (*Id.*). It is not clear from the Complaint whether Johnson is religious or a practicing Muslim requiring a prayer rug (*Id.*).

## Discussion

Simply put, none of Johnson's "Counts" contain enough factual information to state a claim. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Federal Rule of Civil Procedure 8(a), in order to "give defendants fair notice of the claims against them and the grounds for supporting the claims." *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011) (citing *Killingsworth v. HSBC*

*Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007)). A successful complaint generally alleges "the who, what, when, where, and how…." *See DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990). Here, Johnson merely includes a list of complaints without any factual allegations as to who violated his rights and when these events occurred. He also lacks pertinent information, like identifying the medical conditions that were not treated or the religious "safe space" that he seeks. Although he does state that the listed Defendants do not wear masks, he fails to allege that this has caused him any harm. He only states that it violates the state's mask mandate, but the violation of a state mandate does not amount to a constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations).

Thus, if Johnson wants to pursue any of his claims, he will need to file an Amended Complaint. The Amended Complaint should identify who violated his constitutional rights by name in the statement of claim, and should include a description of how his rights were violated, which he has not done with his current Complaint. He also should provide additional factual information including *how* his constitutional rights were violated, *who* violated his rights, *when and where* those violations occurred, and *what harm* was caused by those violations.

## Disposition

For the reasons stated above, Johnson's Complaint (Doc. 1) is **DISMISSED without prejudice** for failure to state a claim.

Johnson is **GRANTED** leave to file a "First Amended Complaint" on or before **March 16, 2022**. Should Johnson fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. Fed. R. App. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall count as one of Johnson's three allotted "strikes" under 28 U.S.C. § 1915(g).

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original Complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Johnson must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Johnson is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether he elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Johnson is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not

later than **7 days** after a transfer or other change in address occurs. Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

DATED:  February 16, 2022

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**