IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GARRY JOHNSON, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>TROY REED, ANDY GARDEN, D. )<br>EDDINGS, and J. WOODY, )<br>)<br>Defendants. ) | Case No. 21-cv-1683-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Garry Johnson Jr., a federal detainee currently being held at the Marion County Law Enforcement Center while awaiting sentencing, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On December 14, 2021, Johnson filed his Complaint raising a litany of issues (Doc. 1). His Complaint was dismissed for failure to state a claim, and he was granted leave to file an Amended Complaint (Doc. 7). In his First Amended Complaint (Doc. 8) Johnson alleges that he did not receive proper medical care and staff did not follow Covid-19 mandates. Johnson seeks monetary damages and injunctive relief.

This case is now before the Court for preliminary review of the Amended Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon

which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Amended Complaint

In his Amended Complaint, Johnson makes the following allegations: On October 4, 2019, Johnson told staff that he required a low sodium diet due to his high blood pressure (Doc. 8, p. 6). He told the nurses repeatedly, but he has never received his special diet. As a result, he has constant headaches and has gained 45 pounds (*Id.*). He also asked for recreation to combat his high blood pressure. He wrote a grievance to Troy Reed, but Reed disregarded the grievance (*Id.*).

Johnson also alleges that he got sick over a weekend (he does not specify the date) and he could not receive medical treatment because there are no nurses at the jail on weekends (*Id.*). He spoke to J. Dial, but Dial told him that he would be seen on Monday when medical staff arrived (*Id.*).

On September 7 and October 13, 2021, he sent Andy Garden grievances about staff not wearing masks (*Id.*). Because staff do not wear masks, Johnson fears that he will contract Covid-19. He alleges this is a violation of a mask mandate. Garden responded to the grievance but did not remedy the issue to Johnson's satisfaction.

## Preliminary Dismissals

Although Johnson identifies D. Eddings and J. Woody as defendants in the caption of his Complaint, he fails to include any allegations against them in his statement of claim (Doc. 8, p. 6). His request for relief asks for an order to have Woody work in other areas of the jail, but there are no allegations suggesting how Woody violated Johnson's rights.

Because there are no allegations against Eddings or Woody, they are **DISMISSED without prejudice**.

Johnson also alleges that he got sick over an unspecified weekend and there were no nurses or other medical staff to treat his condition. Although he mentions speaking to a "J. Dial," Dial is not listed as a defendant in the case. Further, there are no factual allegations indicating when this illness occurred, when he was finally seen by staff, or his ultimate diagnosis. Without more factual allegations, Johnson fails to state a claim.

## Discussion

Based on the allegations in the Amended Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:**   Fourteenth Amendment medical claim against Troy Reed for failing to provide him with high blood pressure medications, medical diet, or recreation.
>
> **Count 2:**   Fourteenth Amendment conditions of confinement claim against Andy Garden for not requiring staff to wear masks.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

Simply put, Johnson fails to state a claim. As to Count 1 regarding treatment for his high blood pressure, Johnson merely refers to nurses and does not indicate who he talked to about his blood pressure or who denied him a low sodium diet and access to recreation. He alleges that he wrote a grievance to Troy Reed, but he does not indicate when he wrote the grievance or whether there was a response to the grievance. He did attach the grievance to his original Complaint, but he failed to attach the grievance to his Amended Complaint even though he was reminded that he "must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint"(Doc. 7, p. 4). Even still, the grievance only indicates that it was submitted in October 2021 and does not indicate whether or not Johnson received a response. Further, Reed cannot be liable simply for denying his grievances. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("[T]he alleged mishandling of [a prisoner's] grievance by persons who otherwise did not cause or participate in the underlying conduct states no claim."); *George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

As to Count 2 regarding the lack of masks during the Covid-19 pandemic, Johnson again fails to state a claim. The Court previously informed Johnson that the violation of a state mask mandate does not amount to a constitutional violation. *See Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003) (Section 1983 provides a remedy for constitutional violations, not violations of state statutes and regulations). Johnson fails to add any additional allegations that were not in his original Complaint. He does not indicate whether any of the officers had Covid-19, whether he was in close proximity to those

officers, or whether he contracted Covid-19. Without more, Johnson again fails to state a claim.

This is Johnson's second attempt at stating viable claims. He failed to do so. The Court finds that any additional amendment would be futile. Accordingly, the First Amended Complaint, along with this entire action, will be **DISMISSED with prejudice**. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012); *McCree v. Grissom*, 657 F.3d 623, 624 (7th Cir. 2011); *Garcia v. City of Chicago, Ill.*, 24 F.3d 966, 970 (7th Cir. 1994).

## Disposition

For the reasons stated above, Johnson's First Amended Complaint is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted**.** This shall count as a "strike" for purposes of 28 U.S.C. 1915(g).

If Johnson wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(1)(A). If Johnson does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a)(1)(C). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  May 11, 2022**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**